UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KERI S.,<br><br>                          Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                          Defendant. | CASE NO. C20-6156-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1977.[1] Plaintiff has at least a high school education and previously worked as a production assembler, baker helper, housekeeper, and sales clerk. (AR 28,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

441.) Plaintiff filed an application for SSI on February 12, 2018,[2] alleging disability beginning November 1, 2017. (AR 393–409.) The application was denied at the initial level and on reconsideration. On January 31, 2019, the ALJ held a hearing and took testimony from Plaintiff, Plaintiff's ex-boyfriend, and a vocational expert (VE). (AR 80–158.) On February 19, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 259–69.) Plaintiff timely appealed. On January 21, 2020, the Appeals Council granted Plaintiff's request for review and vacated and remanded the case for further administrative proceedings before a different ALJ. (AR 275–76.)

On July 28, 2020, the ALJ held a telephonic hearing and took testimony from Plaintiff and a VE. (AR 160–208.) On August 26, 2020, the ALJ issued a decision finding Plaintiff not disabled. (AR 15–30.) On October 15, 2020, the Appeals Council denied Plaintiff's request for review (AR 1–6), making the ALJ's August 26, 2020 decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.[3]

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more

---

[2] Plaintiff previously applied for SSI in 2013 and received an unfavorable decision dated October 28, 2015. (AR 212–22.)

[3] Plaintiff filed a Notice of Supplemental Authority (Dkt. 18) consistent with LCR 7(n) bringing to the Court's attention the following authority issued after the date Plaintiff's last brief was filed: *Collins v. Yellen*, 594 U.S. __ (2021) and Memorandum Opinion for the Deputy Counsel to the President on the Constitutionality of the Commissioner of Social Security's Tenure Protection, 45 Op. O.L.C. __ (July 8, 2021). Upon consideration of this authority, the Court finds that the authority would not affect the disposition of this case.

than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.[4] *See* 20 C.F.R. § 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 18.)

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: major depressive disorder; generalized anxiety disorder; borderline personality disorder. (AR 18.) The ALJ also found that the record contained evidence of the following conditions that did not rise to the level of severe impairment: seasonal allergies; right shoulder strain; bilateral foot pain; recurrent urinary tract infections; and migraine headaches. (AR 18–19.)

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 19–21.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

---

[4] Under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988) (AR 97-4(9)), the ALJ applied a presumption of continuing non-disability and adopted findings from the previous October 28, 2015 unfavorable decision that Plaintiff has not engaged in substantial gainful activity, has severe impairments, and does not have impairments that meet or equal a listed impairment. (AR 15–16; AR 406.)

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> [S]he can perform simple, routine, repetitive tasks in a work environment free of fast paced production requirements involving only simple work-related decisions with few if any workplace changes; she can tolerate no public contact; she can tolerate occasional superficial contact with co-workers; she cannot perform team tasks.

(AR 21.) With that assessment, the ALJ found Plaintiff capable of performing her past relevant work as a production assembler. (AR 28.)

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Although the ALJ found Plaintiff capable of performing past relevant work as a production assembler, with the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as small products assembler, marking clerk, and photocopy machine operator. (AR 28–29.)

Plaintiff argues that the ALJ erred by (1) failing to consider medical opinion evidence that was completed prior to Plaintiff's application for benefits, (2) failing to explain her departure from the medical opinions of state agency consultants Christmas Covell, Ph.D., and Richard Borton, Ph.D., and (3) failing to provide specific and legitimate reasons for discounting the medical source opinion of Daniel Pratt, Psy.D. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

ORDER
PAGE - 4

**1. Medical Opinions**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors.[5] 20 C.F.R. § 416.920c(a)–(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at § 416.920c(c)(1)–(2).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Zhu v. Comm'r of Social Sec. Admin.*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021) (applying the substantial evidence standard under the 2017 regulations). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A. <u>Medical Opinions Dated Prior to February 12, 2018.</u>

The ALJ summarily rejected and did not consider medical opinions dated prior to the application date in this case. (AR 23.) Specifically, the ALJ refused to consider the opinion of Dr. Kayleen Islam-Zwart, Ph.D., dated December 13, 2016, (AR 679–81), the opinion of Dr. Renee Eisenhauer, Ph.D., dated December 11, 2017 (AR 674–78), the opinion of Dr. Tasmyn

---

[5] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions.

Bowes, Psy.D., dated December 21, 2017 (AR 688–93), and the statement of Stephanie Bowdish, ARNP, dated November 16, 2017 (AR 715–17).

Plaintiff argues that the ALJ erred by refusing to consider this evidence because these medical opinions remained pertinent to evaluating whether Plaintiff was disabled during the relevant period. Pl Br. at 7. The ALJ must consider all of the medical opinion evidence of record. 20 C.F.R. § 416.920c; *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. § 416.920c(a)–(b). Here, the ALJ failed to consider entirely the opinions of Dr. Ismal-Zwart, Dr. Eisenhauer, Dr. Bowes, and Nurse Bowdish and, accordingly, failed to articulate the persuasiveness of each medical opinion according to the factors required by the regulations. Importantly, none of the factors set out in § 416.920(c) permit the ALJ to refuse to consider medical opinion evidence. *See* 20 C.F.R. § 416.920(c) (factors include the provider's relationship with the claimant, the length, frequency, purpose, and extent of the treatment relationship, the examining relationship, the provider's specialization, and other factors that support or contradict the medical opinion). Further, the ALJ failed to set out a detailed and thorough summary of facts and conflicting medical evidence for rejecting the opinions of Dr. Ismal-Zwart, Dr. Eisenhauer, Dr. Bowes, and Nurse Bowdish and, instead, rejected these opinions primarily because they were rendered prior to the application date. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (the ALJ may reject a physician's opinion "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings"). Because the regulations require the ALJ to articulate the persuasiveness of all medical opinions in

the claimant's record, the ALJ's refusal to consider this evidence was not supported by substantial evidence.

The Commissioner's argument that the ALJ may properly refuse to consider medical opinions in an SSI claim that fall outside of the relevant period—*i.e.*, the period between the application date[6] and the date of the ALJ's decision—is unavailing. While the Ninth Circuit Court of Appeals has held that "[m]edical opinions that predate the alleged onset of disability are of limited relevance," *Carmickle v. Comm'r of Social Sec. Admin*, 533 F.3d 1155, 1164–65 (9th Cir. 2008), the regulations, as described above, nevertheless require the ALJ to consider all medical opinions in the records. 20 C.F.R. § 416.920c; *Tommasetti*, 533 F.3d at 1041. Additionally, the opinions of Dr. Eisenhauer, Dr. Bowes, and Nurse Bowdish post-date Plaintiff's alleged disability onset date of November 1, 2017. "[E]vidence that predates that claimant's application date but postdates the alleged onset date is pertinent to the alleged period of disability." *Pacheco v. Berryhill*, 733 Fed. Appx. 356, 360 (9th Cir. 2018). Finally, agency guidance documents provide that the Commissioner may document the onset date supported by the medical and other evidence where "medical severity clearly supports an earlier onset date" and where documenting the actual disability onset date "may save resources in the future." Program Operations Manual System (POMS) § DI 25501.370A.3. These guidance documents also provide that the Commissioner may consider the period prior to the filing date and develop evidence before the filing date where "this evidence is necessary to evaluate impairment severity or duration." *Id.*; *see also Warre v. Commissioner of the Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006) ("The POMS does not have the force of law, but it is persuasive authority."). Therefore, the Commissioner's refusal to

---

[6] For Title XVI claims, social security regulations establish the disability onset date on the application date because the agency "cannot make SSI payments based on disability for the month in which the application was filed or any months before that month." *See* Social Security Ruling (SSR) 18-1p.

ORDER
PAGE - 7

consider the opinions of Dr. Ismal-Zwart, Dr. Eisenhauer, Dr. Bowes, and Nurse Bowdish on grounds that they pre-date Plaintiff's SSI application was not reasonable.

The Commissioner further argues that the ALJ properly refused to consider these medical opinions because they did not assess Plaintiff's mental functioning during the relevant period under review. However, the Commissioner concedes that the ALJ erred by failing to evaluate the opinion of Dr. Bowes because, although the opinion was rendered prior to the relevant period, Dr. Bowes assessed that Plaintiff's impairments would persist into the relevant period. The Court agrees that the ALJ erred by failing to review Dr. Bowes' opinion for this reason but finds that the ALJ's error extends to the opinions of Drs. Ismal-Zwat and Eisenhauer. In December 2016, Dr. Ismal-Zwat assessed that Plaintiff's impairments would last over twelve months, and Dr. Eisenhauer affirmed Dr. Ismal-Zwat's opinion in December 2017. (AR 674–75, 679–81.) Therefore, the ALJ's decision not to review Drs. Ismal-Zwat and Eisenhauer's opinions was also error because the doctors assessed that Plaintiff's impairments could persist into the relevant period. Accordingly, the ALJ erred by refusing to consider the opinions of Drs. Ismal-Zwat, Eisenhauer, and Bowes on the additional ground that the doctors assessed that Plaintiff's limitations would or could persist into the relevant period.

The Commissioner argues that any error committed by the ALJ by refusing to consider the opinions of Dr. Ismal-Zwat, Dr. Eisenhauer, Dr. Bowes, and Nurse Bowdish is harmless because the opinions did not relate to Plaintiff's mental functioning during the relevant period. *Id.* "[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r of Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, the ALJ did not consider these medical opinions and, therefore, did not identify reasons for

ORDER
PAGE - 8

discounting this evidence.[7] Accordingly, the Court is unable to engage in a meaningful review of the ALJ's decision. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency.") Where an ALJ fails to specify the reasons for discounting evidence, the Court cannot "review those reasons meaningfully without improperly 'substitut[ing] our conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions,'" and, therefore, "such error will usually not be harmless." *Id*. (quoting *Treichler v. Comm'r of Social Sec. Admin*, 775 F.3d 1090, 1103 (9th Cir. 2014) (alterations in original)). Accordingly, the Court finds that the ALJ's failure to consider the opinions of Dr. Ismal-Zwart, Dr. Eisenhauer, Dr. Bowes, and Nurse Bowdish is harmful error and that this matter should be remanded for the ALJ to consider these opinions in accordance with the regulatory requirements.

B. Drs. Christmas Covell, Ph.D. and Richard Borton, Ph.D.

On March 16, 2018, state agency consultant Dr. Covell reviewed Plaintiff's medical file and, in regards to Plaintiff's social interaction limitations, opined that Plaintiff was moderately limited in her ability to interact appropriately with the general public, to accept instructions and respond appropriately to criticism from supervisors, and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (AR 237–38.) Dr. Covell further explained that Plaintiff's limitations made her capable of superficial brief contact with the general

---

[7] The Commissioner argues that the ALJ's failure to review Dr. Bowes' opinion was further harmless because the doctor relied heavily on Plaintiff's subjective reports, which reports the ALJ did not find fully reliable. Def. Br. at 7. The ALJ, however, did not find that Dr. Bowes relied heavily on Plaintiff's subject reports, nor did the ALJ identify this as a reason for discounting Dr. Bowes' opinion. Therefore, the Commissioner's argument represents an improper post-hoc rationalization, which the Court does not consider. *See Bray v. Comm'r of Social Sec.*, 554 F.3d 1219, 1226 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

ORDER
PAGE - 9

public and occasional non-collaborative contact with coworkers and supervisors. (AR 238.) On May 31, 2018, state agency consultant Dr. Borton reviewed Plaintiff's medical file and provided an opinion regarding Plaintiff's social interaction limitations that was identical to Dr. Covell's. (AR 251.)

The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. § 416.920c(a)–(b). The ALJ found the opinions of Drs. Covell and Borton persuasive, finding that the state agency consultants' were familiar with the social security regulations and ruling and that their opinions were "generally consistent with the mental status examination findings and medical opinions throughout the period at issue." (AR 24.)

Plaintiff argues that the ALJ erred by failing to include Drs. Covell and Borton's assessed limitations regarding Plaintiff's interaction with supervisors in the RFC despite finding the state agency consultants' opinions persuasive. Pl. Br. at 9. The Commissioner argues that the ALJ's RFC reasonably incorporates Drs. Covell and Borton's assessed limitations by limiting Plaintiff to "occasional superficial contact with co-workers; she cannot perform team tasks." (AR 21.) "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). An RFC finding need not directly correspond to a specific medical opinion but may incorporate the opinions by assessing RFC limitations entirely consistent with, even if not identical to, limitations assessed by the physician. *Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (the ALJ properly incorporates medical findings by assessing limitation that are "entirely consistent" with a physician's limitations). Here, the RFC omits any limitation regarding supervisors and does not incorporate any limitation regarding Plaintiff's moderately limited ability "to accept instruction

and respond appropriately to criticism from supervisors." (AR 237, 251.) Therefore, the Court finds that the ALJ erred by assessing an RFC that was not consistent with Drs. Covell and Borton's assessment of Plaintiff's limitations regarding her ability to interact with supervisors. This error was harmful because it resulted in an RFC assessment that did not account for all of Plaintiff's assessed limitations.

### C. Dr. Daniel Pratt, Psy.D.

Dr. Pratt examined Plaintiff on January 22, 2019, and assessed that Plaintiff had marked limitations in every category of basic work activities, except for in Plaintiff's ability to understand, remember, and persist in tasks by following very short and simple instructions and Plaintiff's ability to set realistic goals and plan independently, in which categories Dr. Pratt assessed moderate limitations. (AR 1102–07.) On December 17, 2019, Dr. Pratt evaluated Plaintiff again and assessed that Plaintiff had moderate limitations in her ability to understand, remember, and persist in tasks by following very short and simple instructions; learn new tasks; be aware of normal hazards and take appropriate precautions; ask simple questions or request assistance; and set realistic goals and plan independently. (AR 1109–14.)

The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. § 416.920c(a)–(b). The ALJ found Dr. Pratt's opinion unpersuasive, finding that the "basis for these statements is unclear" and that the "record as a whole shows the claimant to have symptoms that are far less severe." (AR 24.) Specifically, the ALJ found that the doctor did not provide a narrative explanation that reconciled his assessment of marked limitations with Plaintiff's behavior during the examination. (AR 24.) The ALJ further found that Dr. Pratt's opinions were inconsistent with the opinions of the state agency consultants, who, the ALJ noted,

reviewed Plaintiff's treatment evidence, while Dr. Pratt did not. (AR 24.) Finally, the ALJ found that Dr. Pratt's opinions were inconsistent with other opinion evidence and were not supported by treatment records or examiner observations. (AR 24.)

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons for discounting Dr. Pratt's opinions. Specifically, Plaintiff argues that the ALJ erred by finding Dr. Pratt's assessment of marked limitations inconsistent with his examination findings and Plaintiff's behavior during the examination. Pl. Br. at 12. In evaluating the supportability of a medical opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). Here, the ALJ rejected Dr. Pratt's assessments on grounds that the opinions lacked explanation regarding why the doctor opined that Plaintiff had marked limitations in making simple decisions, maintaining socially appropriate behavior, performing routine tasks, and following instructions, when Plaintiff evidenced the ability to do so during her mental status evaluation. The ALJ's finding, however, is not supported by the evidence. Dr. Pratt's opinion assessed Plaintiff's limitations in her ability to perform basic work activities in a work setting and sustained over a normal workday and workweek "on an ongoing, appropriate, and independent basis." (AR 1105, 1112.) Therefore, Plaintiff's ability to perform certain activities during a mental health evaluation does not clearly undermine Dr. Pratt's assessment of marked limitations. *See Fair v. Bowen*, 885 F.3d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits . . . ."). Further, Dr. Pratt based his opinion on Plaintiff's self-reported symptoms, behavioral observations, and testing results (AR 1105, 1111), which supporting evidence the ALJ failed to evaluate under the supportability factor. *See* 20 C.F.R. § 416.920c(c)(1). Therefore, the

ORDER
PAGE - 12

ALJ's rejection of Dr. Pratt's opinions on grounds that they are inconsistent with Plaintiff's behavior and performance during her mental health status evaluation is not supported by substantial evidence.

Plaintiff further argues that the ALJ erred by discounting Dr. Pratt's opinions on grounds that the opinions conflicted with the state agency consultants' opinions, who, the ALJ noted, reviewed Plaintiff's treatment evidence, while Dr. Pratt's opinions were based on a "one-time" examination. The ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler*, 775 F.3d at 1098. The ALJ may consider several factors when evaluating the persuasiveness of medical opinions, including the source's familiarity with the evidence in the claim or the frequency of a claimant's examinations with a medical source. 20 C.F.R. § 416.920c(c). Here, the ALJ did not reasonably reject Dr. Pratt's opinions on grounds that Dr. Pratt did not review Plaintiff's treatment evidence or that the doctor only examined Plaintiff "one time." Contrary to the ALJ's findings, Dr. Pratt stated that he reviewed Plaintiff's available records, including Plaintiff's August 1, 2018 DSHS assessment and December 21, 2017 psychological evaluation. (AR 1102.) Further, the record shows that Dr. Pratt examined Plaintiff on two separate occasions in January 2019 and December 2019. (AR 1102–07, 1109–14.) Because the ALJ's rejection of Dr. Pratt's opinions was not supported by substantial evidence, further administrative proceedings are necessary for the ALJ to resolve any conflicts between Dr. Pratt's opinions and other medical evidence in the record. *See Treicher*, 775 F.3d at 1101 ("[A]dministrative proceedings are generally useful where . . . there is a need to resolve conflicts and ambiguities . . . .").

For these reasons, the ALJ erred by discounting Dr. Pratt's opinion and failing to adequately evaluate the persuasiveness of Dr. Pratt's opinion pursuant to the factors established

ORDER
PAGE - 13

under 20 C.F.R. § 416.920c(c). Additionally, the ALJ could not reasonably evaluate whether Dr. Pratt's opinions were consistent or inconsistent with the record as a whole because the ALJ failed to consider the opinions of Dr. Ismal-Zwart, Dr. Eisenhauer, Dr. Bowes, and Nurse Bowdish, as described above. Therefore, the ALJ's rejection of Dr. Pratt's opinion was not supported by substantial evidence, and this error was harmful because it resulted in an RFC assessment that did not account for all of Plaintiff's assessed limitations.

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 21st day of September, 2021.

MARY ALICE THEILER
United States Magistrate Judge